Lee. J.
The only question which in my view of this case is material to be considered, is whether the bill was filed in due time to entitle the complainant to the interpo *118 sition of the court of equity by requiring the adversary claimants of the fund in his hands to interplead.
The debt due from Brickey to Hicks was created on the 19th of January, 1856, and was payable on the 1st of January, 1857. The note by which it was evidenced was assigned to the appellee Millard by an endorsement thereon, dated the 21st of January, 1858. On the 29th of January, 1856, Brickey was summoned as a garnishee under the attachment sued out in the actions of the appellants against Bucks. At the March term following and again at the June term, he appeared and admitted that he owed Hicks the amount of the note, saying nothing about the assignment to Millard; and-he was ordered to pay the amount into court when it became due; and subsequently at December term, 1857, having failed .to pay the same, execution for the amount was awarded against him by the court. At the June term, 1858, in a suit brought on the note of Brickey for the same debt in the name of Hicks, for the use of Millard, a judgment was rendered against Brickey for the full amount with interest and costs; and then he filed this bill praying the court to compel the appellants and the appellee Millard to interplead, and to grant him an injunction and general relief.
The creditors named in the bill answered, insisting upon their several claims, and relying upon the judgments recovered-by them respectively.
It is proved in the cause that at the time Brickey executed his note to Hicks he knew that it was to be assigned to Millard; and that on the 20th of February, 1856, a formal written notice was served upon him to the effect that it was then held by Millard, and that he would look to him for payment.
How I apprehend that when he came to answer as garnishee in the suit of the appellants against Hicks, at the March and June terms after this notice, he could *119 Taave brought this assignment to the notice of the court, and upon satisfying the court that he then owed nothing to Hicks, by reason of the assignment to Millard, no judgment would have been rendered against him.—Huff v. Mills, 7 Yerger’s R. 45; Yarborough v. Thompson, 3 Smedes & Marshall 295 ; Wilson v. Davisson, 5 Munf. 178. So if without notice of the assignment to Millard, he had been required to pay and had actually paid the amount to the attaching creditor, or if he was prepared successfully to controvert the fact óf the assignment to Millard in the suit subsequently brought by Hicks for the use of Millard, he could have relied upon these matters or any other good cause of resistance to Millard’s claim to the fund in his hands, by way of defence to the action. If, however, when he was summoned as garnishee, he distrusted his ability to make good these defences for want of the means the better information of the parties themselves might supply, and desired to avoid the trouble and risk of suits at law, he could have filed his bill of inter-pleader at once, and upon paying the money into court, or giving security to abide its decree, or complying with whatever terms might be imposed by the court, he could have obtained an injunction to stay all further proceedings on the attachment as to him, and to restrain Millard from bringing any suit upon his note, and brought the parties themselves together for a comparison of their respective rights to the money in his hands; and thus obtained ample indemnity against loss upon his paying it to the one declared by the court to be entitled to receive it. If, however, after proceedings are commenced against him, the debt to Hicks being confessedly due, and the amount of the same certain and ascertained, and with full knowledge of the conflicting claims to the money in his hands, he folds his arms, makes no defence In the actions at law, nor seeks the appropriate mode of *120 defence and protection offered Mm in the court of equity, and suffers -the different claims in respect of the sin-debt or duty wMch he owes to his creditor to ripen and pass into several judgments against himself personally, in favor of the conflicting’ claimants, .respectively, he ought not, as it seems to me, to be permitted to come-with his bill to require his judgment creditors to inter-plead, not concerning the judgments they have recovered! against him (for they are several and distinct and neither claims any interest in the judgment of the other), but concerning the right which they personally had to- recover the judgments. If indeed there be fraud, or surprise, or discovery of new and material matter not known to the party before the judgments, this may serve as a substantive and distinct ground for relief, upon the general principles of the court o£ equity. But if the party discloses no reason for asking its intervention; and wholly fails to account for the delay to file his bill until after the judgments, he will not then be entertained, any more-than a party who desires a discovery from his adversary but who delays filing his bill, asking the same until after judgment has been rendered against him in the law court. Leicester v. Perry, 1 Bro. C. C. 305; Barbone v. Brent, 1 Vern. R. 176; Thompson v. Berry, 3 John, ch. R. 395; Faulkner's adm’x v. Harwood, 6 Rand. 125.
This proposition, that the party holding the fund in his hands must not wait until the conflicting- claimants-shall have severally recovered against him, is not only in conformity with the general principles and practice of the- court of equity, but is also-sufficiently supported by authority. Where a party has had a day in which he could make his defence in the proper form, before a verdict and judgment against him, equity will not entertain him and grant relief after such verdict and judgment, unless in case of fraud, accident or surprise, or some adventitious circumstance unmixed with negligence *121 on his part, which shall sufficiently account for the omission to seek its intervention before the judgment. If we turn to the elementary writers who speak of the of interpleader, we find that they describe it as lying in cases where two or more persons are claiming the same thing under different titles, though derived from the same common source, or in separate interests from another person, who not knowing to which of the claimants he ought of right to render the debt or duty claimed, or to deliver the property in his custody, applies to the court of equity to resolve his doubts and protect him from the damage of being compelled to pay the debt a second time. The terms in which they speak of the proper case for such a bill, imply that the claim is for a thing in action and not yet passed in .rem adjudioatwn. Several claims are made for the same thing; he is molested by an action or actions brought against him, or threats of the same; he fears that he may suffer injury from the conflicting claims of the parties, and he therefore applies to the court to protect him not only from being compelled to pay or deliver the thing claimed to both claimants, but also from the vexation attending upon the suits which are or possibly may be instituted against him. Every thing that enters into the description would seem to exclude the idea that the claimants had prosecuted their demands to judgment. See 2 Sto. Eq. § 806; Mit. Pl. 48 et seq.; Coop. Eq. PI. 47 et seq.; Eden on Injunct. 335, et seq.; Sto. Eq. Pl. § 291; 3 Danl. ch. P. 1753, 1756. And in very much the same terms with the same implication will it be found that this proceeding is characterized by the learned j udges in reported cases. See Dungey v. Angove, 2 Ves. jr. R. 304, 310; Langston v. Boylston, 2 Ib. 107; Angel v. Hadden, 15 Ibid. 244; Hoggart v. Cutts, 1 Craig & Phil. 204; Glyn v. Duesbury, 11 Sim. R. 147; Sieveking v. Behrens, 2 Myl. & Craig 581; Richards v. Salter, 6 John. ch. R. 445; Badeau *122 v. Rogers, 2 Paiges R. 209. And whilst I have as yet seen no clear authority for the proposition that the party may delay his action until after judgments are recovere¿ agains{; laira. by the several claimants, several are to be found which are directly opposed to it. Thus in 3 Paul. ch. Pr. 1753, it is laid down that a claim made upon a party affords ground for filing a bill of inter-pleader, though no legal proceedings have been actually commenced against him; and (at p. 1755) that a bill of interpleader ought to be filed before or immediately afterthe commencement of proceedingsat law, and should not be delayed until after a verdict or j udgment had been obtained. In Cornish v. Tanner,1 Younge & Jer. 333, a bill of interpleader was filed after a verdict had been obtained, by one of the claimants, and an injunction was granted on the money being paid into court. ' One of the defendants filed his answer and moved the court to dissolve the injunction, and although the other defendants had not filed their answers, the court dissolved the injunction because the plaintiff had failed to account satisfactorily for his delay in filing the bill. In Yarborough v. Thompson, 3 Smeedes & Marsh. 291, the controversy was (as in the case before the court) between an attaching creditor who had obtained judgment against the garnishee and the assignee of the note given by the latter, and who had sued upon the same and recovered judgment also. After the judgment, had thus been recovered, the party came with his bill to compel the judgment creditors to interplead concerning their right to the debt which he owed. Held that he came too late after judgment, and his bill was accordingly dismissed. This case is in all its circumstances like -the case in judgment, and must be considered as authority directly in point. Judge Clayton in declaring the opinion of the court, referred to a remark made, by the judges who delivered the opinion in the case of Oldham v. Ledbetter, *123 1 How. Miss. R. 43, 47, to the effect that the case put, (being one in which a judgment had been recovered), the plaintiff might have protected himself by bill of interpleader, and says that it was thrown out without ficient consideration; that it was not a point for decision, and that the cases cited did not bear upon that proposition. In the case of the Union Bank of Maryland v. Kerr, &c., 2 Maryland ch. Dec. 460, the bill was filed by the bank to compel the defendants, Kerr and Glenn, to interplead as well as to a sum of money for which Kerr had recovered judgment against the bank in an action of assumpsit, as- also as to certain promissory notes and bills of .exchange for which Kerr had commenced an action of trover which was still pending; it was held that the joinder of the subject of the action of assumpsit in the same bill with that of the action of trover could not preclude the complain ant. from the right to compel the defendants to interplead as to the latter, although as to the former they could not be required to interplead because the bill was filed after the judgment had been obtained. In declaring his opinion, Chancellor Johnson states it as well settled doctrine, that a bill of interpleader must not be delayed until after a verdict or judgment, and that such was conceded to be the rule by the counsel; and this is several times repeated in his opinion. It is true that as an appeal had been taken from the judgment in the action of assumpsit, the party was put to his election to proceed with his appeal or in that court, but evidently the relief which the party was permitted to seek if he abandoned his appeal, was not by way of requiring the defendants to interplead touching the subject of the action of assumpsit, as the right to do so had been expressly declared to be lost by reason of the delay until after judgment.
The case of Hamilton v. Marks, 19 Eng. Law & Eq. R. 321, might seem at first view to be an authority the *124 other way, but upon examination it will be found that the general rule referred to is recognized, but the particular case distinguished from those to which it applies. It was the case of conflicting claims to the proceeds of a policy of insurance on property damaged by fire. An action was brought in the court of exchequer ■ by the party insured for compensation' for the damages sustained, and a verdict was .found for £700 damages in respect of the furniture with liberty to move to increase the damages by a sum not exceeding £1200 in respect of injury to the buildings. The party insured being insolvent, notice was given -to the insurance office of several different claims to and liens upon the money, and the creditors’ assignee of the' estate of the insolvent having previously to the judgment given notice to the insurance office of his appointment and desired the office not to pay the insolvent the moneys recoverable under the policy, the treasurer of the company filed a bill of interpleader. Objection was made that there had been á verdict in'an action at law, and Cornish v. Tanner was relied on. The Yice-Ohancellor without questioning the authority of that ease, said “the present case differs from that. Here the dispute at law was confined to the question of demand which could only be settled at law; and there is no rule of this court to preclude a defendant at law who has done that from obtaining relief on an interpleader suit.” This case then, as it seems to me, in no wise impugns the general rule applicable to cases in which not the mere amount due from the party holding the fund and which must be ascertained at law, is in controversy, but also the rights of the conflicting claimants to demand the' same and to appropriate it to their use by obtaining a personal judgment against the holder of the fund.
Bills of interpleader may, if is true, on many occasions be advantageously resorted to, but we are told that the *125 court does not look very favorably upon - them; and Lord ILardwicke expressed himself unwilling “to allow new inventions in the bringing of such bills.” 1 Madd. ch. 181; Metcalf v. Harvey, 1 Ves. R. 248. And I cannot but think that where the existence of the debt or duty is admitted and the amount fixed and ascertained, if there be confiictiifg claims to the proceeds on behalf of third persons claiming under the party to whom the debt or duty is due, between whom the party owing the same is unwilling to decide, it will be in better conformity to the analogies of the law and the rules of the court of equity to require the party seeking the protection of the court to come with his bill before the several claimants shall have carried their respective claims into personal judgments against himself, unless this delay be satisfactorily accounted for. And as-in tins qase, the party offered no excuse for failing to file his bill until after both the judgments ivere rendered against him, I think the court should have refused to interfere.
I am opinion therefore to reverse the decree.
Daniel and Monguee Js. concurred in the opinion of Lee J.
Allen P. and Robertson J. dissented.
Decree reversed.